RICHARD R. BEST
REGIONAL DIRECTOR
Sanjay Wadhwa
Sheldon L. Pollock
Preethi Krishnamurthy
Theresa H. Gue
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-5011 (Gue)
Email: guet@sec.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>**-against-**<br><br>**MICHAEL JAMES FERGUSON JR. FOREIGN PRIVATE TRUST, and NOBLE MIKHAIL JABAL MOHOMMET FIRDAUS EL,**<br><br>**Defendants.** | **<u>COMPLAINT</u>**<br><br>**21 Civ. 8017 ( )**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Securities and Exchange Commission (the "Commission"), for its complaint against Defendants Michael James Ferguson Jr. Foreign Private Trust ("Ferguson Trust") and Noble Mikhail Jabal Mohommet Firdaus El ("Firdaus El," and, with Ferguson Trust, "Defendants") alleges as follows:

**SUMMARY**

1. Defendant Ferguson Trust, a transfer agent registered with the Commission, failed to satisfy important statutory and regulatory obligations that apply to transfer agents—entities that perform shareholder administration functions for corporations that issue securities. Despite being

repeatedly informed about these legal obligations, Defendant Firdaus El, Ferguson Trust's chief executive officer, treasurer, president, and director, chose not to have Ferguson Trust comply with them and thus aided and abetted Ferguson Trust's violations of the federal securities laws.

2. In 2019, Ferguson Trust registered with the Commission as a transfer agent and filed Commission Form D, signed by Firdaus El, seeking to raise more than $100 million from investors.

3. Although Ferguson Trust was required to file an annual report for the year 2019 with the Commission by March 31, 2020, Ferguson Trust failed to file an annual report.

4. Starting in July 2020, the Commission's Division of Examinations ("Examinations") began an examination of Ferguson Trust. Examinations informed Firdaus El that Ferguson Trust was required to file certain reports with the Commission, including its annual report for 2019, and sent formal requests to Ferguson Trust for documents concerning its transfer agent activities.

5. Despite its statutory and regulatory obligations to maintain documents and provide them to the Commission in connection with the examination, Ferguson Trust failed to provide any documents in response.

6. The Commission's Division of Enforcement ("Enforcement")—which investigates potential securities laws violations and litigates civil enforcement actions—later sent Ferguson Trust similar formal requests for documents, addressed to Firdaus El.

7. Ferguson Trust again failed to produce documents, and Defendants ceased communicating with the Commission.

8. Ferguson Trust never filed any annual reports for 2019 or 2020 as required.

## VIOLATIONS

9. By virtue of the foregoing conduct and as alleged further herein, Defendant Ferguson Trust violated Sections 17(a)(1), 17(a)(3), 17(b)(1), 17A(c)(2), and 17A(d)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q(b)(1),

78q-1(c)(2) & 78q-1(d)(1)] and Rules 17Ac2-1 and 17Ac2-2 promulgated thereunder [17 C.F.R. §§ 240.17Ac2-1 & 240.17Ac2-2].

10. By virtue of the foregoing conduct and as alleged further herein, Defendant Firdaus El aided and abetted Ferguson Trust's violations of Sections 17(a)(1), 17(a)(3), 17(b)(1), 17A(c)(2), and 17A(d)(1) of the Exchange Act [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q(b)(1), 78q-1(c)(2) & 78q-1(d)(1)] and Rules 17Ac2-1 and 17Ac2-2 thereunder [17 C.F.R. §§ 240.17Ac2-1 & 240.17Ac2-2].

11. Unless Defendants are restrained and enjoined, they will engage in the acts, practices, transactions, and courses of business set forth in this Complaint or in acts, practices, transactions, and courses of business of similar type and object.

## NATURE OF THE PROCEEDING AND RELIEF SOUGHT

12. The Commission brings this action pursuant to the authority conferred upon it by Exchange Act Section 21(d) [15 U.S.C. § 78u(d)].

13. The Commission seeks a final judgment: (a) permanently enjoining Defendants from violating the federal securities laws and rules this Complaint alleges they have violated; (b) ordering Defendants to pay civil money penalties pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]; and (c) ordering any other and further relief the Court may deem just and proper.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to Exchange Act Section 27 [15 U.S.C. § 78aa].

15. Defendants, directly and indirectly, have made use of the means or instrumentalities of interstate commerce or of the mails in connection with the transactions, acts, practices, and courses of business alleged herein.

16. Venue lies in this District under Exchange Act Section 27 [15 U.S.C. § 78aa]. For at least some portion of the relevant period, Defendant Ferguson Trust was headquartered in

Manhattan, and certain of the acts, practices, transactions, and courses of business alleged in this Complaint occurred within this District, including at least certain of Ferguson Trust's interactions with the Commission's Examinations and Enforcement staff.

## DEFENDANTS

17. **Ferguson Trust**, a "private trust organization" organized in the country of Jamaica in 2018 with its principal office in New York, New York, has been registered as a transfer agent with the Commission since June 2019.

18. **Firdaus El**, age 38, resides in Beverly Hills, California. Ferguson Trust's Commission registration form names Firdaus El as the Trust's chief executive officer, executive director, president, treasurer, and controller of currency.

## FACTS

### I. BACKGROUND: THE ROLE OF TRANSFER AGENTS

19. Transfer agents are business entities that issuers of securities engage to perform various shareholder administrative functions on their behalf. Under the Exchange Act, a "transfer agent" is any person who, on behalf of an issuer of securities or on behalf of itself as an issuer of securities: (i) countersigns securities upon issuance; (ii) monitors the issuance of securities with a view to preventing unauthorized issuance; (iii) registers the transfer of such securities; (iv) exchanges or converts securities; and/or (v) transfers recorded ownership of securities by bookkeeping entry, without the physical issuance of securities certificates.

20. Because transfer agents serve as intermediaries between issuing companies and security holders, they are critical to the successful completion of many securities trades.

21. Exchange Act Section 17A(c) [15 U.S.C. § 78q-1(c)] requires that transfer agents be registered with the Commission, or if the transfer agent is a bank, with a bank regulatory agency.

22. Because there is no self-regulatory organization that governs transfer agents, the Commission has promulgated rules and regulations for all Commission-registered transfer agents in order to facilitate the prompt and accurate clearance and settlement of securities transactions and assure the safeguarding of securities and funds.

## II. FERGUSON TRUST'S REGISTRATION WITH THE COMMISSION

23. In May 2019, Ferguson Trust filed Commission Form D, seeking to raise more than $100 million from investors in a securities offering that would not be registered with the Commission, in reliance on a specific exemption from the general statutory requirement that securities offerings be registered.

24. Firdaus El signed the Form D.

25. The next month, on June 13, 2019, Ferguson Trust filed Commission Form TA-1 to register with the Commission as a transfer agent.

26. Firdaus El signed the Form TA-1.

27. The Form TA-1 listed Ferguson Trust's principal office as 217 West 127th Street, Apt. 5G, New York, New York, 10027 and its mailing address as 521 West 146th Street, Suite 215-Box, New York, New York 10031.

28. Ferguson Trust's Commission registration became valid 45 days after the Form TA-1 was filed.

29. In February 2020, Ferguson Trust filed Commission Form C, seeking to raise a maximum of $1 million in an unregistered securities offering in reliance on specific statutory and regulatory provisions.

30. Firdaus El signed the Form C.

31. By March 31, 2020, Ferguson Trust's annual transfer agent report on Form TA-2 for the year 2019 was required to be filed under Exchange Act Section 17A(c)(2) and Rule 17Ac2-2,

which requires registered transfer agents to file annual reports on Form TA-2 by March 31 every year for the preceding calendar year.

32. By March 31, 2020, Ferguson Trust had not filed an annual report on Form TA-2 for the year 2019.

## III. DEFENDANTS FAILED TO PROVIDE DOCUMENTS TO THE COMMISSION'S DIVISION OF EXAMINATIONS.

33. In July 2020, the Examinations staff in the Commission's New York Regional Office initiated an examination of Ferguson Trust.

34. On July 30, 2020, Examinations staff spoke to Firdaus El by telephone and sent Ferguson Trust a formal request, pursuant to Exchange Act Sections 17(a) and (b), for records and information relating to Ferguson Trust and its transfer agent activities.

35. On the same phone call, the Examinations staff scheduled an interview of Firdaus El to occur by phone on August 3, 2020.

36. On August 3, 2020, at Firdaus El's request, the staff agreed to reschedule the interview for the afternoon of August 6, 2020.

37. At the scheduled time on August 6, 2020, the Examinations staff could not reach Firdaus El by phone.

38. The Examinations staff reached out to Firdaus El seven times from August 6 through August 24, 2020, by voicemail, email, and letter, to follow up on the document requests to Ferguson Trust and to reschedule the interview with Firdaus El.

39. On August 25, 2020, the Examinations staff interviewed Firdaus El by phone.

40. Among other things, Firdaus El told the Examinations staff during the call that Ferguson Trust is engaged in the business of underwriting, check writing, bills of exchange, private

banking, transferring securities, payments for buyouts, money orders, automatic clearing house payments (electronic bank-to-bank payments), and cancellation of debt.

41. During the call, Firdaus El also informed the Examinations staff that the office address and mailing address listed on Ferguson Trust's 2019 Form TA-1 were no longer valid, claimed that he had moved the office to the United States Minor Outlying Islands, and provided a new address of 6208 West Blvd., Los Angeles, CA 90043.

42. During the same call, Examinations staff reviewed their documents requests with Firdaus El and highlighted certain requests for which the Examinations staff thought Ferguson Trust was likely to have documents readily available.

43. Later on August 25, 2020, following the phone call, the Examinations staff sent Firdaus El an email reattaching the document requests and indicating in bold the specific requests that the staff thought would be easiest for Ferguson Trust to fulfill.

44. In their email, the Examinations staff requested that Ferguson Trust respond to the document requests and produce documents by August 31, 2020.

45. On September 2, 2020, Firdaus El called the Examinations staff, told them that he had not looked at the document requests, and requested a 72-hour extension, until September 5, 2021, to produce documents.

46. The Examinations staff agreed to the extension.

47. On September 8, 2020, Firdaus El emailed the Examinations staff and wrote: "Sorry running a bit late. Waiting for my business partner to get back to me about some of the documents you requested. May have to send by midnight tonight."

48. Ferguson Trust and Firdaus El never sent Examinations any responsive documents.

49. On September 25, 2020, Examinations staff spoke to Firdaus El by phone in an examination exit interview and told him that Ferguson Trust was required to file both an amendment to its Form TA-1 updating the Trust's address and a Form TA-2 for 2019.

50. On the same day, the Examinations staff sent a letter to Ferguson Trust, addressed to Firdaus El, identifying several "deficiencies and/or weaknesses in controls" resulting from the examination so that Ferguson Trust could take "immediate corrective action."

51. This deficiency letter identified Ferguson Trust's failure to file an annual transfer agent report on Form TA-2 for the year 2019, as required by Exchange Act Section 17A(c)(2) and Rule 17Ac2-2 thereunder, and its failure to file an amended Form TA-1 to update its business and mailing addresses within sixty days of the those previously listed addresses becoming defunct, as required by Exchange Act Section 17A(c)(2) and Rule 17Ac2-1 thereunder.

52. The letter requested that Ferguson Trust respond in writing by November 24, 2020, to describe any steps that it had taken or intended to take with respect to each deficiency or weakness finding.

53. On November 24, 2020, Firdaus El responded to Examinations via email. His email claimed that Ferguson Trust's failure to comply with the Examination staff's requests was due to a "misunderstanding that certain things were needed within a specific time frame to cover the avenues of filing or registering for Transfer Agents functions."

54. On November 25, 2020, the Examinations staff informed Firdaus El and Ferguson Trust via letter that the Trust's response had "failed to provide any description of the steps the transfer agent has taken with respect to the findings noted in the Deficiency Letter," that the deficiencies remained outstanding, and that the Examinations team was closing the exam.

## IV. DEFENDANTS FAILED TO PROVIDE DOCUMENTS OR RESPOND TO THE COMMISSION'S DIVISION OF ENFORCEMENT.

55. After commencing an investigation later in 2020, Enforcement staff in the Commission's New York Regional Office began trying to contact Ferguson Trust through Firdaus El.

56. On December 31, 2020, Enforcement staff sent Ferguson Trust a formal request for documents, pursuant to Exchange Act Section 17(a), via overnight delivery and email.

57. After Ferguson Trust and Firdaus El failed to respond, Enforcement staff sent Ferguson Trust a letter on February 22, 2021, addressed to Firdaus El, noting that the Trust had repeatedly failed to produce any records in connection with the Commission's examination.

58. The letter cautioned Ferguson Trust that, if it did not substantively respond to the December 31 request by March 2, 2021, Enforcement intended to issue a Wells notice to Ferguson Trust.[1]

59. Ferguson Trust did not respond to Enforcement's December 31 request and did not produce any responsive documents.

60. By March 31, 2021, Ferguson Trust had not filed an annual report on Form TA-2 for the year 2020.

61. On April 28, 2021, Enforcement staff sent a Wells notice to Firdaus El on behalf of Ferguson Trust and requested that Ferguson Trust submit any written response by May 12, 2021.

62. On August 18, 2021, Enforcement staff sent a Wells notice to Firdaus El and requested that he submit any written response by August 25, 2021.

63. Neither Ferguson Trust nor Firdaus El has contacted the Enforcement staff to date.

[1] A Wells notice informs the recipient that the Enforcement staff intends to recommend to the Commission that it authorize Enforcement to file a civil action against the recipient for violating the federal securities laws.

64. To date, Ferguson Trust has never filed an amendment to Form TA-1 to reflect the Trust's new business address.

65. To date, Ferguson Trust has never filed an annual report on Form TA-2 for the years 2019 or 2020.

**FIRST CLAIM FOR RELIEF**
**Violations of Exchange Act Sections 17(a)(1), 17(a)(3), 17A(d)(1), and 17A(c)(2) and Rule 17Ac2-2(c) Thereunder**
**(Defendant Ferguson Trust)**

66. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1-4, 8, 14-22, 25-26, 28, 31-32, 49-54, 60, and 65.

67. Exchange Act Section 17(a)(1) [15 U.S.C. § 78q(a)(1)] requires registered transfer agents to make and disseminate such reports as the Commission, by rule, prescribes as necessary or appropriate.

68. Exchange Act Section 17(a)(3) [15 U.S.C. § 78q(a)(3)] requires registered transfer agents to make such reports as the appropriate regulatory agency for such transfer agent, by rule, prescribes as necessary or appropriate in furtherance of the purposes of Exchange Act Section 17A.

69. Exchange Act Section 17A(c)(2) [15 U.S.C. § 78q-1(c)(2)] requires all transfer agents registering with the Commission to file an application for registration in such a form and containing such information and documents concerning the transfer agent and persons associated with it as the appropriate regulatory agency may prescribe, and Rule 17Ac2-2 [17 C.F.R. § 240.17Ac2-2] thereunder requires transfer agents registered with the Commission on December 31 of a calendar year to file an annual report on Form TA-2 by March 31 of the following year with the Commission.

70. Exchange Action Section 17A(d)(1) [15 U.S.C. § 78q-1(d)(1)] prohibits registered transfer agents from engaging in activity as a transfer agent in contravention of rules and regulations prescribed by the Commission.

71. As alleged above, Defendant Ferguson Trust failed to file Form TA-2 for the years 2019 and 2020.

72. By reason of the foregoing, Defendant Ferguson Trust violated and, unless enjoined, will again violate Exchange Act Sections 17(a)(1), 17(a)(3), 17A(c)(2), and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q-1(c)(2) & 78q-1(d)(1)] and Rule 17Ac2-2 [17 C.F.R. § 240.17Ac2-2].

**SECOND CLAIM FOR RELIEF**
**Violations of Exchange Act Sections 17(a)(1), 17(a)(3), 17A(d)(1), and 17A(c)(2) and Rule 17Ac2-1 Thereunder**
**(Defendant Ferguson Trust)**

73. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1-2, 14-22, 25-28, 39-41, 49-54, and 64.

74. Exchange Act Section 17(a)(1) [15 U.S.C. § 78q(a)(1)] requires registered transfer agents to make and disseminate such reports as the Commission, by rule, prescribes as necessary or appropriate.

75. Exchange Act Section 17(a)(3) [15 U.S.C. § 78q(a)(3)] requires registered transfer agents to make such reports as the appropriate regulatory agency for such transfer agent, by rule, prescribes as necessary or appropriate in furtherance of the purposes of Exchange Act Section 17A.

76. Exchange Act Section 17A(c)(2) [15 U.S.C. § 78q-1(c)(2)] requires all transfer agents registering with the Commission to file an application for registration in such a form and containing such information and documents concerning the transfer agent and persons associated with it as the appropriate regulatory agency may prescribe, and Rule 17Ac2-1(c) [17 C.F.R. § 240.17Ac2-1(c)] thereunder requires a transfer agent that has filed a Form TA-1 registration statement (i) to file an amended registration statement on Form TA-1 if any information reported on transfer agent's original Form TA-1 becomes inaccurate, misleading, or incomplete and (ii) to file such an amended registration statement within sixty (60) days following the date on which the information became inaccurate, misleading, or incomplete.

77. Exchange Action Section 17A(d)(1) [15 U.S.C. § 78q-1(d)(1)] prohibits registered transfer agents from engaging in activity as a transfer agent in contravention of rules and regulations prescribed by the Commission.

78. As alleged above, Defendant Ferguson Trust failed to file an amended Form TA-1 correcting its business and mailing addresses within 60 days after the previously listed addresses became inaccurate.

79. By reason of the foregoing, Defendant Ferguson Trust violated and, unless enjoined, will again violate Exchange Act Sections 17(a)(1), 17(a)(3), 17A(c)(2), and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q-1(c)(2) & 78q-1(d)(1)] and Rule 17Ac2-1 [17 C.F.R. § 240.17Ac2-1].

**THIRD CLAIM FOR RELIEF**
**Violations of Exchange Act Sections 17(a)(1)**
**(Defendant Ferguson Trust)**

80. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1-2, 4-7, 14-22, 25-28, 33-59, and 63.

81. Exchange Act Section 17(a)(1) [15 U.S.C. § 78q(a)(1)] requires registered transfer agents to make and keep for prescribed periods such records as the Commission, by rule, prescribes as necessary or appropriate, and to furnish copies of those records. Among the records the Commission has, by rule, required registered transfer agents to make and keep current are (a) under Rule 17Ad-6(a)(8) [17 C.F.R. § 240.17Ad-6(a)(8)], any document, resolution, contract, or other writing concerning the appointment and termination of any such appointment of the transfer agent to act in any capacity for any issue on behalf of an issuer, on behalf of the transfer agent itself as the issuer, or on behalf of any person who was engaged by the issuer to act on behalf of the issuer; (b) under Rule 17Ad-10(b) [17 C.F.R. § 240.17Ad-10(b)], an accurate master securityholder file; and (c) under Rule 17Ad-10(e) [17 C.F.R. § 240. 17Ad-10(e)], an accurate control book for each issue of securities.

82. As alleged above, Defendant Ferguson Trust failed to furnish copies of any records to the Commission in response to its requests for documents.

83. By reason of the foregoing, Defendant Ferguson Trust violated and, unless enjoined, will again violate Exchange Act Section 17(a)(1) [15 U.S.C. § 78q(a)(1)].

**FOURTH CLAIM FOR RELIEF**
**Violations of Exchange Act Section 17(b)(1)**
**(Defendant Ferguson Trust)**

84. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1-2, 4-7, 14-22, 25-28, 33-59, and 63.

85. Exchange Act Section 17(b)(1) [15 U.S.C. § 78q(b)(1)] requires registered transfer agents to permit reasonable periodic, special, or other examinations by representatives of the Commission.

86. As alleged above, Defendant Ferguson Trust failed to permit the Commission to examine any documents despite its requests for documents.

87. By reason of the foregoing, Defendant Ferguson Trust violated and, unless enjoined, will again violate Exchange Act Section 17(b)(1) [15 U.S.C. § 78q(b)(1)].

**FIFTH CLAIM FOR RELIEF**
**Aiding and Abetting Violations of Exchange Act Sections 17(a)(1), 17(a)(3), 17A(d)(1), and 17A(c)(2) and Rule 17Ac2-2(c) Thereunder**
**(Defendant Firdaus El)**

88. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1-4, 8, 14-22, 25-26, 28, 31-32, 49-54, 60, and 65.

89. As alleged above, Ferguson Trust violated Exchange Act Sections 17(a)(1), 17(a)(3), 17A(c)(2), and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q-1(c)(2) & 78q-1(d)(1)] and Rule 17Ac2-2 [17 C.F.R. § 240.17Ac2-2].

90. As alleged above, Firdaus El knowingly or recklessly provided substantial assistance to Ferguson Trust with respect to its violations of Exchange Act Sections 17(a)(1), 17(a)(3),

17A(c)(2), and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q-1(c)(2) & 78q-1(d)(1)] and Rule 17Ac2-2 [17 C.F.R. § 240.17Ac2-2].

91. By reason of the foregoing, Defendant Firdaus El is liable pursuant to Exchange Act Section 20(e) [15 U.S.C. § 78t(e)] for aiding and abetting Ferguson Trust's violations of Exchange Act Sections 17(a)(1), 17(a)(3), 17A(c)(2), and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q-1(c)(2) & 78q-1(d)(1)] and Rule 17Ac2-2 [17 C.F.R. § 240.17Ac2-2], and, unless enjoined, Firdaus El will again aid and abet these violations.

**SIXTH CLAIM FOR RELIEF**
**Aiding and Abetting Violations of Exchange Act Sections 17(a)(1), 17(a)(3), 17A(d)(1), and 17A(c)(2) and Rule 17Ac2-1 Thereunder**
**(Defendant Firdaus El)**

92. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1-2, 14-22, 25-28, 39-41, 49-54, and 64.

93. As alleged above, Ferguson Trust violated Exchange Act Sections 17(a)(1), 17(a)(3), 17A(c)(2) and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q-1(c)(2) & 78q-1(d)(1)] and Rule 17Ac2-1 [17 C.F.R. § 240.17Ac2-1].

94. Firdaus El knowingly or recklessly provided substantial assistance to Ferguson Trust with respect to its violations of Exchange Act Sections 17(a)(1), 17(a)(3), 17A(c)(2) and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q-1(c)(2) & 78q-1(d)(1)] and Rule 17Ac2-1 [17 C.F.R. § 240.17Ac2-1].

95. By reason of the foregoing, Defendant Firdaus El is liable pursuant to Exchange Act Section 20(e) [15 U.S.C. § 78t(e)] for aiding and abetting Ferguson Trust's violations of Exchange Act Sections 17(a)(1), 17(a)(3), 17A(c)(2) and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q-1(c)(2) & 78q-1(d)(1)] and Rule 17Ac2-1 [17 C.F.R. § 240.17Ac2-1], and, unless enjoined, Firdaus El will again aid and abet these violations.

**SEVENTH CLAIM FOR RELIEF**
**Aiding and Abetting Violations of Exchange Act Sections 17(a)(1)**
**(Defendant Firdaus El)**

96. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1-2, 4-7, 14-22, 25-28, 33-59, and 63.

97. As alleged above, Ferguson Trust violated Exchange Act Section 17(a)(1) [15 U.S.C. § 78q(a)(1)].

98. As alleged above, Firdaus El knowingly or recklessly provided substantial assistance to Ferguson Trust with respect to its violations of Exchange Act Section 17(a)(1) [15 U.S.C. § 78q(a)(1)].

99. By reason of the foregoing, Defendant Firdaus El is liable pursuant to Exchange Act Section 20(e) [15 U.S.C. § 78t(e)] for aiding and abetting Ferguson Trust's violations of Exchange Act Sections 17(a)(1) [15 U.S.C. § 78q(a)(1)], and, unless enjoined, Firdaus El will again aid and abet these violations.

**EIGHTH CLAIM FOR RELIEF**
**Aiding and Abetting Violations of Exchange Act Section 17(b)(1)**
**(Defendant Firdaus El)**

100. The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1-2, 4-7, 14-22, 25-28, 33-59, and 63.

101. As alleged above, Ferguson Trust violated Exchange Act Section 17(b)(1) [15 U.S.C. § 78q(b)(1)].

102. As alleged above, Firdaus El knowingly or recklessly provided substantial assistance to Ferguson Trust with respect to its violations of Exchange Act Section 17(b)(1) [15 U.S.C. § 78q(b)(1)].

103. By reason of the foregoing, Defendant Firdaus El is liable pursuant to Exchange Act Section 20(e) [15 U.S.C. § 78t(e)] for aiding and abetting Ferguson Trust's violations of Exchange

Act Section 17(b)(1) [15 U.S.C. § 78q(b)(1)], and, unless enjoined, Firdaus El will again aid and abet these violations.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that the Court enter a Final Judgment:

**I.**

Permanently enjoining Ferguson Trust and its agents, servants, employees and attorneys and all persons in active concert or participation with any of them from violating, directly or indirectly, Exchange Act Sections 17(a)(1), 17(a)(3), 17(b)(1), 17A(c)(2), and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q(b)(1), 78q-1(c)(2) & 78q-1(d)(1)] and Rules 17Ac2-1 and 17Ac2-2 [17 C.F.R. §§ 240.17Ac2-1 & 240.17Ac2-2].

**II.**

Permanently enjoining Defendant Firdaus El and his agents, servants, employees and attorneys and all persons in active concert or participation with any of them from aiding and abetting any violation of Exchange Act Sections 17(a)(1), 17(a)(3), 17(b)(1), 17A(c)(2), and 17A(d)(1) [15 U.S.C. §§ 78q(a)(1), 78q(a)(3), 78q(b)(1), 78q-1(c)(2) & 78q-1(d)(1)] and Rules 17Ac2-1 and 17Ac2-2 thereunder [17 C.F.R. §§ 240.17Ac2-1 & 240.17Ac2-2].

**III.**

Ordering both Defendants to pay civil monetary penalties under Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]; and

**IV.**

Granting such other and further relief as this Court deems appropriate and necessary for the benefit of investors.

**JURY DEMAND**

The Commission demands a trial by jury.

Dated: New York, New York
September 27, 2021

SECURITIES AND EXCHANGE COMMISSION

By: */s/ Richard R. Best*

RICHARD R. BEST
REGIONAL DIRECTOR
Sanjay Wadhwa
Sheldon L. Pollock
Preethi Krishnamurthy
Theresa H. Gue
*Attorneys for Plaintiff*
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-5011 (Gue)
Email: guet@sec.gov