UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>MICHAEL JAMES FERGUSON JR.<br>FOREIGN PRIVATE TRUST, and<br>NOBLE MIKHAIL JABAL MOHOMMET<br>FIRDAUS EL,<br><br>Defendants. | 21 Civ. 8017 (JSR) |

## [PROPOSED] DEFAULT JUDGMENT AS TO NOBLE MIKHAIL JABAL MOHOMMET FIRDAUS EL

Plaintiff Securities and Exchange Commission ("SEC") having filed a Complaint on September 27, 2021, and served the Summons and Complaint on Defendant Noble Mikhail Jabal Mohommet Firdaus El ("Firdaus El") on January 4, 2022, pursuant to the Court's Order dated January 4, 2022; Defendant Firdaus El having failed to appear, respond to the Complaint, or otherwise defend this action; the Clerk of the Court having issued a Certificate of Default as to Firdaus El on January 28, 2022; the Court having considered the SEC's motion for entry of a default judgment (the "Motion") and all the pleadings and evidence submitted in support thereof; and the Court having determined that Firdaus El is neither an infant nor an incompetent person and is not in the military service of the United States:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Motion is GRANTED as to Defendant Firdaus El for the reasons set forth in the SEC's papers supporting the Motion.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Firdaus El is permanently restrained and enjoined from aiding and abetting any violation of Section 17(a)(1) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78q(a)(1)] by knowingly or recklessly providing substantial assistance to a registered transfer agent that fails to make and keep for prescribed periods such records, furnish such copies thereof, and make and disseminate such reports as the SEC, by rule, prescribes as necessary or appropriate in the public interest, for the protection of investors, or otherwise in furtherance of the purposes of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Firdaus El's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Firdaus El or with anyone described in (a).

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Firdaus El is permanently restrained and enjoined from aiding and abetting any violation of Section 17(a)(3) of the Exchange Act [15 U.S.C. § 78q(a)(3)] by knowingly or recklessly providing substantial assistance to a registered transfer agent that fails to make and keep for prescribed periods such records, furnish such copies thereof, and make such reports as the appropriate regulatory agency for such transfer agent, by rule, prescribes as necessary or appropriate in furtherance of the purposes of Section 17A of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Firdaus El's officers,

agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Firdaus El or with anyone described in (a).

IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Firdaus El is permanently restrained and enjoined from aiding and abetting any violation of Section 17A(d)(1) of the Exchange Act [15 U.S.C. § 78q-1(d)(1)] by knowingly or recklessly providing substantial assistance to a registered transfer agent that, directly or indirectly, engages in any activity as transfer agent in contravention of such rules and regulations (a) as the SEC may prescribe as necessary or appropriate in the public interest, for the protection of investors, or otherwise in furtherance of the purposes of the Exchange Act, or (b) as the appropriate regulatory agency for such transfer agent may prescribe as necessary or appropriate for the safeguarding of securities and funds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Firdaus El's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Firdaus El or with anyone described in (a).

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Firdaus El is permanently restrained and enjoined from aiding and abetting any violation of Section 17A(c)(2) of the Exchange Act [15 U.S.C. § 78q-1(c)(2)] by knowingly or recklessly providing substantial assistance to a transfer agent that fails to register by filing with the appropriate regulatory agency for such transfer agent an application for registration in such form and containing such information and documents concerning such transfer agent and any persons associated with the

transfer agent as such appropriate regulatory agency may prescribe as necessary or appropriate in furtherance of the purposes of Section 17A of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Firdaus El's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Firdaus El or with anyone described in (a).

VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Firdaus El is permanently restrained and enjoined from aiding and abetting any violation of Rule 17Ac2-2 of the Exchange Act [17 C.F.R. § 240.17Ac2-2] by knowingly or recklessly providing substantial assistance to a transfer agent registered with the SEC on December 31 of a calendar year that fails to file a report covering the reporting period on Form TA-2 by March 31 following the end of the reporting period.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Firdaus El's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Firdaus El or with anyone described in (a).

VII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Firdaus El is permanently restrained and enjoined from aiding and abetting any violation of Rule 17Ac2-1 of the Exchange Act [17 C.F.R. § 240.17Ac2-1] by knowingly or recklessly providing substantial assistance to transfer agent that has filed a Form TA-1 registration statement but (i) fails to file an

amended registration statement on Form TA-1 if any of the information reported on Form TA-1 becomes inaccurate, misleading, or incomplete or (ii) fails to file such amendment within sixty (60) days following the date on which the information became inaccurate, misleading, or incomplete.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Firdaus El's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Firdaus El or with anyone described in (a).

VIII.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Firdaus El is permanently restrained and enjoined from aiding and abetting any violation of Section 17(b)(1) of the Exchange Act [15 U.S.C. § 78q(b)(1)] by knowingly or recklessly providing substantial assistance to a registered transfer agent that fails to permit its records to be subject at any time, or from time to time, to such reasonable periodic, special, or other examinations by representatives of the SEC and the appropriate regulatory agency for such persons as the SEC or the appropriate regulatory agency for such persons deems necessary or appropriate in the public interest, for the protection of investors, or otherwise in furtherance of the purposes of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Firdaus El's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Firdaus El or with anyone described in (a).

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Firdaus El shall pay a civil penalty in the amount of $97,523 to the SEC pursuant to Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]. Firdaus El shall make this payment within 30 days after entry of this Judgment.

Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Noble Mikhail Jabal Mohommet Firdaus El as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Firdaus El shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Firdaus El relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Firdaus El. The SEC shall send the funds paid pursuant to this Judgment to the United States Treasury.

The SEC may enforce the Court's Judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Firdaus El shall pay post-judgment interest on any amounts due after 30 days of the entry of this Judgment pursuant to 28 U.S.C. § 1961.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: \_\_\_\_2/16/\_\_, 2022     By: _____
      New York, New York          Hon. Jed S. Rakoff, U.S.D.J.